UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUIS MATTHEW CLEMENTS,

      Plaintiff,

v.                                                          Case No. 2:20-cv-398-FtM-29NPM

THE STATE OF FLORIDA
          Defendant.
_____

## REPORT AND RECOMMENDATION

Before the Court is *pro se* Plaintiff Louis Matthew Clements's Emergency Complaint for Temporary Restraining Order, Permanent Injunction, and Declaratory Relief (Doc. 1). Clements also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). For the reasons discussed below, this Report recommends the Application be denied and this action be dismissed.

Clements sues under Federal Rules of Civil Procedure 60(b) as an "independent action for Fraud Upon the Court." (Doc. 1, p. 2). In a nutshell, Clements seeks to be relieved of his state-court conviction under Rule 60(b) and to temporarily restrain and permanently enjoin the State of Florida from continuing to list of him on the Florida Sexual Offender Registry. (Doc. 1, p. 1; Doc. 3, p. 1).

Clements sought this same relief in prior lawsuits under various other causes of action and all have failed. He fails here as well.

When a litigant seeks to proceed *in forma pauperis*, the Court is obligated to review the file pursuant to 28 U.S.C. § 1915.[1] By statute, the Court is required to dismiss the case if it determines the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is considered frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Ebron v. Immigration and Customs Enforcement*, No. 3:12-cv-272-J-32JBT, 2014 WL 1364974, *4 (M.D. Fla. Apr. 7, 2014) ("Actions may be frivolous in their factual allegations or in their legal theories.").

In 2016, Clements filed two lawsuits against the State of Florida, alleging a wrongful conviction, malicious prosecution, and wrongful incarceration all stemming from his alleged wrongful state-court conviction and a later violation of probation. (Doc. 13-1, No. 2:16-cv-100-JES-MRM; Doc. 13-1, No. 2:16-cv-101-JES-MRM). The Court dismissed these lawsuits for lack of jurisdiction. (Doc. 40,

---

[1] This statute section governs in forma pauperis actions instituted by prisoners but has been interpreted to apply to all litigants requesting leave to proceed in forma pauperis. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

No. 2:16-cv-100-JES-MRM; Doc. 40, No. 2:16-cv-101-JES-MRM).[2] In both of these cases, Clements also filed a motion for temporary restraining order, preliminary injunction, and permanent injunction, seeking immediate relief enjoining the State of Florida from maintaining his name on the Florida Sexual Offender Registry. (Doc. 20, No. 2:16-cv-100-JES-MRM; Doc. 19, No. 2:20-cv-101-JES-MRM). The Court summarily denied these motions. (Doc. 29, No. 2:16-cv-100-JES-MRM; Doc. 29, No. 2:16-cv-101-JES-MRM). Clements attempted to appeal, and both this Court and the Eleventh Circuit denied his motion to proceed in forma pauperis, finding an appeal frivolous. (Docs. 52, 56, No. 2:16-cv-100-JES-MRM; Docs. 52, 56, No. 2:16-cv-101-JES-MRM). As a last ditch effort, Clements filed an "Independent Action for Fraud Upon the Court and Motion to Vacate, Set Aside, or Correct Sentence" (Doc. 55, No. 2:16-cv-100-JES-MRM). The Court denied the motion without prejudice, finding it was improperly filed in that case.

Undeterred, Clements filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus in 2017, again contesting his state-court conviction. (Doc. 6). And again sought a temporary restraining order, preliminary injunction, and permanent injunction, seeking to enjoin the State of Florida from listing Clements on the Florida Offender Registry. (Doc. 11). The Court found Clements had not met the

---

[2] The Court also pointed out that Clements improperly sought damages for his wrongful conviction and for his probation by not alleging his conviction was overturned or invalidated, as is required under *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

prerequisites necessary for an injunction and denied the motion. (Doc. 14). Clements sought an interlocutory appeal of this decision, and both this Court and the Eleventh Circuit denied his request to appeal in forma pauperis. (Docs. 20, 28).

Indefatigable, Clements initiated this "independent" action for fraud upon the court and again requests that the Court relieve him of his state-court conviction, issue a temporary restraining order, and issue a permanent injunction enjoining and restraining the State of Florida from taking any further action to enforce Fla. Stat. § 800.04(6)[3] against him.[4] He also requests to be immediately removed from the Sexual Offender Registry, as well as a stay of the enforcement and listing on this registry until this case is resolved on the merits. (Doc. 1, pp. 1-2). While he speaks in terms of "enjoining" the State of Florida, at bottom, he wants his conviction vacated. (Doc. 1, p. 12).

While Clements attempts a new cause of action for Fraud Upon the Court under Rule 60 in this case, he has already raised all of the same issues in his prior 2016 and 2017 cases. Moreover, Rule 60(b) is inappropriate because Clements seeks relief from a state court judgment and not from a judgment entered by this court.[5]

---

[3] Section 800.04(6) defines lewd or lascivious offenses committed on or in the presence of persons younger than 16 years old and then sets forth the penalties.

[4] The Court denied Plaintiff's Emergency Complaint for Temporary Restraining Order contained in the Complaint for failing to establish the substantive requirements of a temporary restraining order and for not properly presenting the motion as a separate document. (Doc. 3).

[5] Rule 60(b)(3) provides: "Grounds for Relief from a Final Judgment, Order, or Proceeding. On

*McKenna v. United States*, No. 8:11-cv-954-T-23MAP, 2011 WL 1749422, *1 (M.D. Fla. May 6, 2011) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). Finally, Rule 60 does not provide any grounds for an independent cause of action. In sum, this action is frivolous.

Accordingly, the Court should **DENY** the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) and **DISMISS** the Complaint for Temporary Restraining Order, Permanent Injunction, and Declaratory Relief.

Respectfully recommended in Chambers in Fort Myers, Florida on June 16, 2021.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**

---

motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . .(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.